IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE SNYDER, | ) |
| Plaintiff, | ) |
| | ) No. 07 C 1335 |
| v. | ) |
| KOMFORT CORPORATION, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On February 1, 2007, Plaintiff Jacqueline Snyder ("Snyder") filed a four-count Complaint against Defendant Komfort Corporation ("Komfort") in the Circuit Court of Cook County, Illinois, Law Division, alleging claims of breach of written and implied warranty under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (the "Magnuson-Moss Act" or "Act"), 15 U.S.C. § 2301, *et seq.*, revocation of acceptance pursuant to 810 ILCS 5/2-608, and common law products liability.[1] On March 8, 2007, Komfort removed this action to federal court. Before the Court is Komfort's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court grants Komfort's motion.

### BACKGROUND

**I.   Northern District of Illinois Local Rule 56.1**

When determining summary judgment motions, the Court derives the background facts

---

[1] In Response to Defendant's Motion for Summary Judgment, Snyder voluntarily dismisses her products liability claim under Count IV of the Complaint. (R. 69-1, Pl.'s Resp. at 3; R. 74-1, Pl.'s Resp. Brief, at 9.)

from the parties' Local Rule 56.1 statements. Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004). The purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006).

A litigant's failure to respond to a Local Rule 56.1 statement results in the Court admitting the uncontroverted statement as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Moreover, the Court may disregard statements and responses that do not properly cite to the record. *See Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809-10 (7th Cir. 2005). With these standards in mind, the Court turns to the relevant facts of this case.

## II.     Relevant Facts

### A.     Introduction

On May 5, 2004, Snyder entered into a sales contract with Pinehurst R.V. to purchase a 2005 Model Number 385KA Komfort Karry-All trailer (the "trailer") for $52,401.70. (R. 63-1, Def.'s Rule 56.1 Stmt. Facts ¶ 5; R. 75-1, Pl.'s Rule 56.1 Stmt. Add'l. Facts ¶ 34.) On July 9, 2004, Snyder traveled to Pinehurst, Idaho to picked up her trailer from Pinehurst R.V. (Def.'s Stmt. Facts ¶ 6.) Komfort does not sell any products directly to consumers, but works through dealerships. (*Id*. ¶¶ 7, 15.)

**B. Limited Warranty**

On July 9, 2004, Snyder received a Komfort owners' manual, which contained a Komfort two-year/twenty-four month limited warranty. (*Id.* ¶¶ 8, 9.) Komfort also faxed the two-year limited warranty to Snyder prior to her purchase of the trailer. (Pl.'s Stmt. Facts ¶ 33.) The limited warranty states in relevant part:

> In order to receive the benefits available under this warranty, you must do the following:
>
> > A. Once you discover a defect covered under this warranty, you must notify an authorized Komfort dealer of the problem and arrange for an appointment during normal business hours. You must deliver the trailer at the appointed time for inspection and performance of covered warranty service.
> >
> > B. If it is not possible to contact or return the trailer to an authorized Komfort dealer, you must contact the Manufacturer for authorization to have the necessary inspection and warranty service work performed elsewhere. You must obtain the Manufacturer's authorization before any warranty service work is started. It is advisable to contact any service center in your area and arrange for an appointment to get an estimate of charges prior to calling the Manufacturer for authorization.
> >
> > C. You must notify an authorized Komfort dealer or the Manufacturer of the problem within the terms of this warranty.

(Def.'s Stmt. Facts ¶ 12.) The limited warranty also states:

> All defects must be reported to an authorized dealer or the Manufacturer during the term of this warranty. The Manufacturer will arrange for and provide the repair or replacement (at its option) of any component covered by this warranty that proves to be defective in material or workmanship. Repair or replacement of a covered component will be provided only in the United States of America and Canada. The following components are not covered:
>
> > A. Those components installed by anyone other than the Manufacturer.
> >
> > B. Tires and Batteries.
> >
> > C. Any component if its defective condition is caused by:
> >
> > > 1. Abuse, misuse, overloading or negligence of any person;

3

> 2. Collision, upset, road damage, accident, vandalism, theft, malicious mischief, riot or civil commotion;
>
> 3. Modification (this includes aftermarket installation of products to replace factory installed components), alteration, improper adjustment or repair, tampering, or improper connection of any component;
>
> 4. Hail, lightning, rain, water flood, fire smoke, contamination, and other environment conditions which include but not limited to: mold, tree sap, tar, chemicals, oil, salts, or acts of God;
>
> 5. Lack of proper maintenance as recommended by the manufacturers of your trailer or its components, or failure to proper lubricate, or the use of fuels, oils, or lubricants other than those recommended by the manufacturers of your trailer or its components, or that are contaminated;
>
> 6. Normal deterioration due to wear or exposure, such as but not limited to fading of fabrics, carpet wear, yellowing of tubs, fixtures due to sun exposure, etc.;
>
> 7. Normal maintenance and service items, such as light bulbs, fuses, sealants, lubricants, etc.;
>
> 8. Failure to protect the trailer and its components from further damage after a defect appears;
>
> 9. Transportation to and from dealer or manufacturing plant, loss of time, inconvenience, commercial loss of use, bus fares, vehicle rental, incidental charges such as phone calls, hotel bills or other incidental or consequential damages. The Manufacturer will not be responsible to repair or pay for anything other than repair or replacement of components covered by this warranty that are defective in material or workmanship and reported as required….

(*Id.* ¶ 13.) In addition, the limited warranty states:

> Examples of what the manufacturer will not do include:
>
> A. Pay for damages to property or injury to or death of any person due to any cause.
>
> B. Pay for damages or expenses for loss of use, damage to or loss of contents, towing or transport, service calls, inconvenience, loss of income, substitute housing, lodging, meals, travel, car rental, emotional distress, or any other

4

incidental or consequential damage.

C. Repair or replace any defective component that is not reported as required.

(*Id.* ¶ 14.)

### C.     September 2004 Repairs

On September 2, 2004, Snyder was towing her trailer over a bridge on the way to Lafayette, Louisiana when the trailer began to drift and bounce. (*Id.* ¶ 16; Pl.'s Stmt. Facts ¶ 39.) No one was physically injured in the September 2, 2004 incident, but there was property damage to the trailer. (Def.'s Stmt. Facts ¶¶ 17, 18; Pl.'s Stmt. Facts ¶ 39.) Snyder then contacted Cassandra McMaster at Komfort Corporation to get authorization for the repairs and McMaster gave Snyder authorization to have the leaf spring components repaired by a non-Komfort dealer. (Pl.'s Stmt. Facts ¶ 39.) Following the September 2, 2004 incident, Snyder took her trailer to Lafayette Spring Co., Inc. ("Lafayette") in Lafayette, Louisiana to repair the trailer. (*Id.*; Def.'s Stmt. Facts ¶ 19.) After Lafayette repaired Snyder's trailer, Komfort declined to reimburse Snyder for the repair costs of approximately $880.00 because Snyder failed to provide adequate documentation substantiating the repair's costs. (Pl.'s Stmt. Facts ¶ 39; Def.'s Stmt. Facts ¶ 22.)

On September 10, 2004, Mobile Tire Service in Meridian, Mississippi repaired Snyder's tires and rims. (*Id.* ¶ 23.) Mobile Tire Service is not an authorized Komfort dealership. (*Id.*) Snyder did not submit a written receipt or other written documentation to Komfort concerning the Mobile Tire Service repairs that cost approximately $200.00. (*Id.* ¶¶ 24, 25.) The costs for the repairs performed by Lafayette and Mobile Tire Service are the only repairs prior to May 24,

2005 that Komfort did not reimburse to Snyder.[2] (*Id.* ¶ 26.) Moreover, Snyder never contacted Komfort regarding any problems or requested it to authorize or reimburse her for any repairs after May 24, 2005. (*Id.* ¶ 28.)

### D. Letter of Revocation/Offer of Judgment

On October 5, 2005, Snyder sent a letter of revocation to Komfort demanding revocation of her sales contract that she entered into with Pinehurst R.V. (Pl.'s Stmt. Facts ¶ 50.) Komfort rejected Snyder's demand for revocation. (*Id.*) Thereafter, Snyder commenced this lawsuit. (*Id.*) On March 20, 2007, Komfort made a Rule 68 Offer of Judgment in the amount of $3,500, plus costs and reasonable expenses. (Def.'s Stmt. Facts ¶ 31.) Snyder rejected Komfort's offer. (*Id.*)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007). The party seeking summary judgment has the burden of establishing the lack of any

---

[2] Although Snyder denies Defendant's Statement ¶ 26, her response fails to cite to any part of the record that refutes this statement, and thus the Court admits this statement as true. *See Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809-10 (7th Cir. 2005).

6

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby*, 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

## ANALYSIS

**I.     Breach of Written Warranty – Count I**

In Count I of her Complaint, Snyder alleges that Komfort failed to comply with the terms of the written limited warranty in violation of the Magnuson-Moss Act. The Magnuson-Moss Act is "a remedial statute designed to protect the purchases of consumer goods from deceptive warranty practices." *Miller v. Willow Creek Homes, Inc.,* 249 F.3d 629, 630 (7th Cir. 2001). The Act "allows a 'consumer' to bring a suit where he claims to be 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act] or under a written warranty, implied warranty, or service contract.'" *Voelker v. Porsche Cars N. Am., Inc.,* 353 F.3d 516, 522 (7th Cir. 2003) (quoting 15 U.S.C. § 2310(d)). The warranty at issue is a limited warranty as defined by 15 U.S.C. § 2303(a)(2). Because the Act does not set out requirements for limited warranties, the Court looks to Illinois law to determine Snyder's claim based on Komfort's alleged breach of the limited warranty. *See Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402, 405 (7th Cir. 2004) (Act allows consumers to enforce written warranties in federal court by borrowing state law causes of action); *Razor v. Hyundai Motor Am.,* 222 Ill.2d 75, 85, 305 Ill.Dec. 15, 854 N.E.2d 607 (2006) ("Act does not set out requirements for limited warranties").

A written warranty is a contract, and thus the Court turns to the contract's clear and unambiguous language to determine the parties' rights and obligations under the limited warranty. *See, e.g., Razor,* 222 Ill.2d at 85, 99-100; *Mydlach v. DaimlerChrysler Corp.,* 226 Ill.2d 307, 314 Ill.Dec. 760, 875 N.E.2d 1047 (2007); *see also Utility Audit, Inc. v. Horace Mann Serv. Corp.,* 383 F.3d 683, 687 (7th Cir. 2004) (Under Illinois law, courts interpret unambiguous contract terms according to their plain meaning – the interpretation of an unambiguous contract is a question of law). Based on the terms of the written warranty at issue it is a "repair and replacement" limited warranty as permitted under 810 ILCS 5/2-719(1)(a), and not an express warranty relating to the quality or description of the goods. *See Mydlach,* 226 Ill.2d at 320 ("an express warranty, for purposes of the UCC, obligates the seller to deliver goods that conform to the affirmation, promise, description, sample or model."). Accordingly, the limited warranty at issue is not the type of warranty that can be breached on "tender of delivery" as Snyder suggests. *Id.* at 321-22.[3] Instead, Komfort's performance under the limited warranty is triggered if a covered defect arises requiring repair. *See id.* at 323. Therefore, to establish her breach of written warranty claim, Snyder must show that she afforded Komfort an opportunity to comply with its obligations under the limited warranty and that Komfort failed to do so. *See id.*; *see also* 15 U.S.C. § 2310(e) (no action may be brought for failure to comply with written warranty

---

[3] Snyder's argument that the Magnuson-Moss Act's "reasonable number of attempts" standard pursuant to 15 U.S.C. § 2304(a)(4) applies under the circumstances is misplaced because limited warranties are not subject to Section 2304. *See Schimmer v. Jaguar Cars*, 384 F.3d 402, 405 (7th Cir. 2004) (Section 2304 imposes minimum federal warranty standards for full warranties, not limited warranties); *see also Skelton v. General Motors*, 660 F.2d 311, 315 (7th Cir. 1981). Because limited warranties are not subject to Section 2304, the Act's substantive remedies, such as a full refund of the purchase price, are not at issue here. *See Schimmer,* 384 F.3d at 405.

8

unless person obligated under warranty is afforded reasonable opportunity to cure such failure to comply).

Looking to the plain language of the "repair and replacement" limited warranty, the warranty makes no promises about the quality of the trailer, but instead promises that if a defect in material or workmanship occurs during the limited warranty's twenty-four month period, Komfort will repair or replace the part at no cost to Snyder. Based on the undisputed facts, Komfort paid for all of Snyder's repairs except two – the Lafayette Spring Company repairs and the Mobile Tire Service repairs.[4] It is also undisputed that Snyder did not seek authorization or reimbursement from Komfort for any repairs performed after May 24, 2005. The Court thus turns to the two repairs at issue.

As to the tire repairs done by Mobile Tire Service, it is undisputed that Snyder never submitted a written receipt or other documentation to Komfort for reimbursement. In other words, Snyder failed to report and present documentation concerning this repair and also failed to obtain pre-authorization before the repair, thus she did not comply with the limited warranty's requirements. Therefore, Komfort did not breach the limited warranty for failing to reimburse Snyder for the Mobile Tire Service repairs.

Next, Komfort declined to reimburse Snyder for the spring repair work done by Lafayette because Snyder failed to present adequate documentation to substantiate her claim of $880.00. Because Snyder was required to provide proper documentation for reimbursement under the provisions of the limited warranty, Komfort did not breach the limited warranty by declining to

---

[4] The manufacturer of the trailer's generator paid for generator repair work done in January 2005. (Pl.'s Stmt. Facts ¶ 42, R. 79-1, Def.'s Resp. ¶ 42; R. 71-1, Ex. 2, Snyder Aff. ¶ 19, Ex. 3, Snyder's Resp. Interrog. at 3)

pay the $880.00 repair costs. In sum, because Snyder failed to follow the limited warranty's procedures for reimbursement for the two repairs at issue, Komfort had no duty to reimburse her for these repairs. Accordingly, Komfort did not breach the limited warranty.

## II.     Breach of Implied Warranty of Merchantability – Count II

In Count II of her Complaint, Snyder brings a claim of breach of the implied warranty of merchantability. *See* 15 U.S.C. § 2301(7) ("The term 'implied warranty' means an implied warranty arising under State law"). In claims brought under the Magnuson-Moss Act, state law governs the creation of implied warranties. *See Voelker*, 353 F.3d at 525. Indeed, the Act does not create implied warranties, but instead confers federal court jurisdiction for state law breach of implied warranty claims. *See Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955, 956 (7th Cir. 1998); *see also Schimmer,* 384 F.3d at 405 (Magnuson-Moss "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action.").

Here, Komfort argues that Snyder's breach of implied warranty claim fails because her sales contract was with Pinehurst, R.V., and not Komfort, therefore, there was no privity of contract. *See Voelker,* 353 F.3d at 525 (under Illinois law, privity of contract required to recover damages for breach of implied warranty). Snyder, on the other hand, argues that because Illinois courts permit non-privity consumers to bring implied warranties claims against manufacturers under the Magnuson-Moss Act, federal courts must follow. *See Rothe v. Maloney Cadillac, Inc.,* 119 Ill.2d 288, 292, 116 Ill.Dec. 207, 518 N.E.2d 1028 (1988) (under Magnuson-Moss Act, non-privity consumer with written warranty may bring implied warranty claim); *Szajna v. General Motors Corp.,* 115 Ill.2d 294, 311, 104 Ill.Dec. 898, 503 N.E.2d 760 (1986) (Magnuson-Moss broadens reach of UCC implied warranties).

While federal courts are obligated to follow the Supreme Court of Illinois' interpretation of Illinois law regarding privity, federal courts are not required to follow the Illinois courts' interpretation of the Magnuson-Moss Act promulgated by Congress. *See RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997) ("federal courts are under no obligation to defer to state court interpretations of *federal* law") (emphasis in original). The Seventh Circuit has made clear that Sections 2308 and 2304(a) of the Magnuson-Moss Act "do not modify, or discuss in any way, a state's ability to establish a privity requirement," thus breach of implied warranty claims hinge on state law, namely, Illinois' adoption of UCC Article 2 requiring privity of contract. *See Voelker,* 353 F.3d at 525; *see also Rothe,* 119 Ill.2d at 292 (Under UCC implied warranty of merchantability arises only between buyer and immediate seller). In short, the *Voelker* court did not adopt the Illinois court's interpretation that the Magnuson-Moss Act broadened the UCC's requirements by allowing for non-privity parties to bring implied warranty claims, and Snyder fails to persuade the Court why it should conclude otherwise. Indeed, other courts in this district have already rejected this precise argument. *See Zaro v. Maserati N. Am., Inc.,* No. 07 C 3565, 2007 WL 4335431, at *3-4 (N.D. Ill. Dec. 6, 2007); *Horton v. Winnebago, Inc.,* No. 04 C 8349, 2005 WL 1500926, at *2 (N.D. Ill. June 13, 2005); *Kowalke v. Bernard Chevrolet, Inc.,* No. 99 C 7980, 2000 WL 656660, at *5 (N.D.Ill. Mar. 23, 2000); *Larry J. Soldinger Assocs., Ltd. v. Aston Martin Lagonda of N.A., Inc.,* No. 97 C 7792, 1999 WL 756174, at *6-10 (N.D. Ill. Sept. 13, 1999). Because Snyder lacks privity of contract with Komfort, her implied warranty claim fails. *See Voelker,* 353 F.3d at 525.

Snyder nevertheless argues that the facts in the record establish a buyer-seller relationship between Komfort and Snyder. In support of her argument, Snyder points to the

11

direct contact she made with Komfort concerning her selection of the trailer's counter-tops, woodwork, and other specifications; that Komfort transported her trailer to Pinehurst R.V.; and that Komfort directly faxed the limited warranty to her.  Viewing these facts in a light most favorable to Snyder, she has failed to present sufficient evidence creating a genuine issue of material fact that Komfort was in privity of contract with her, especially in light of her admission that on "May 5, 2004, the Plaintiff entered into a sales contract with Pinehurst, R.V. to purchase a 2005 385KA Komfort Karry-All Trailer for $52,401.70."  (*See* Pl.'s Stmt. Facts ¶ 34.)  Finally, Snyder does not support her factual arguments with any legal authority explaining how these circumstances constitute a buyer-seller relationship.  Accordingly, Snyder's breach of implied warranty claim fails.

### III. Revocation of Acceptance Claim – Count III

In Count III of her Complaint, Snyder seeks revocation of acceptance under UCC § 2-608 as codified by 810 ILCS 5/2-608.  Snyder's revocation claim fails as a matter of law because revocation of acceptance against a remote manufacturer, like Komfort, is not permissible under Illinois law.  *See Mydlach v. DaimlerChrysler Corp.,* 226 Ill.2d 307, 332, 314 Ill.Dec. 760, 875 N.E.2d 1047 (2007) ("Revocation of acceptance contemplates a buyer-seller relationship."); *Smith v. Monaco Coach Corp.,* 334 F.Supp.2d 1065, 1070 (N.D. Ill. 2004) (Illinois law does not provide equitable remedy of revocation against manufacturer); *Kutzler v. Thor Indus., Inc.,* No. 03 C 2389, 2003 WL 21654260, at *6-7 (N.D. Ill. July 14, 2003) ("language of Section 2-608 on its face contemplates that the remedy of revocation would be available against the seller, and not against a non-seller who manufactured the goods").

Based on the facts set forth above, Snyder nonetheless argues that Komfort is not a non-

selling manufacturer, but instead Komfort's actions during the sale process were the actions of a seller. Again, without legal authority supporting this argument, Snyder has failed to establish that Komfort was the actual "seller" under the circumstances. Because the Court grants Komfort's summary judgment motion as to the remaining counts in Snyder's Complaint, the Court need not examine Komfort's alternative argument that its offer of judgment rendered Snyder's claims moot.

## CONCLUSION

For these reasons, the Court grants Defendant's Motion for Summary Judgment and denies Defendant's Motion to Strike as moot.

Dated: July 30, 2008

                                      **ENTERED**

                                      _____
                                      **AMY J. ST. EVE**
                                      **United States District Court Judge**